United States v. McCoy. Thank you very much. Enjoy the rest of the day here at the courthouse. All right. Okay. So Mr. Whitmer, you have reserved two minutes for rebuttal. Yes. So you may proceed. May it please the court, counsel. I'm attorney Michael Whitmer. I'm here representing appellant Matthew Nix. This is the third time that I've brought this issue to this court, or at least not this particular issue, but this case. No, it's the third time you bring in some issues. And that's really maybe we should start there, because it's not clear to me why you get to bring for the third time an argument about jury, you know, a juror misconduct. So I think that as far as the issue that has been before this court previously were the McDonough issue, the actual bias, the inferred bias, and the implied bias issue. Right. So the law of the case, why have you overcome that? Your Honor, the case law is pretty clear. Cotler, among other cases, that this court has the naked power to reexamine these cases if there is an extreme or manifest injustice that's from the First Circuit, as well as the cases, the criminal cases that. So we just happen to really blow it twice before we're free to fix it now. But you're not making any argument about intervening law, new evidence, or anything else. I'm making separate arguments as to why this case should be reversed in relation to. There's another reason, too. I mean, as far as just looking. No intervening law, no intervening Supreme Court case that addresses this topic. No, Your Honor. And no new evidence that you're pointing to. No, Your Honor. Okay. Your Honor, in relation to McDonough, I'm just going to go through the previous ones where I do think that there is a necessity, and obviously, this is a fundamental right, right to the jury trial, and why in this particular case. I'm going to, although this case is way more egregious than Parse, Parse reversed, I'm going to go beyond that. In relation to the McDonough test, I do think it's important to note, and I do think it's an extreme or manifest injustice, that in relation to this McDonough analysis, that we are the only, we're creating the circuit split with Parse and with Nix and McCoy to add a third prong to the McDonough test, which I don't think, well, I know, that none of the other circuits have this motivation or the motive requirement, which is now the third prong for the second. So that circuit split, if it is one, existed before you filed your appeal here? That's correct, Your Honor. Okay. Yeah, that is correct. In relation to the facts of the case, I mean, I've been in front of Your Honor six years ago in relation to this, and you know the facts of this case pretty well, too. I mean, obviously, this is one of the most egregious, it is the most egregious from having read every single one of these cases. You have a juror who lies on the questionnaire, lies during voir dire, lies at the evidentiary hearing afterwards, perjures himself throughout, even despite having immunity. And, but I think that there's two separate ways that we can look at this case now that we haven't addressed yet, which are new issues that I think that can be addressed in order to make, ensure that Mr. Nix has the fair trial that he deserves and that every citizen deserves, which is, I think we can look at these two separate other issues, which are competence, and I think that in addition to competence, we can look into the law of the case doctrine. In this particular case, we had one previous African-American juror who, it was found out by the FBI during the voir dire that he had a felony conviction. Immediately, the FBI comes down and says, well, we've got to get rid of this guy, and the court makes an order that says, you know, no felons can serve on this jury. That became the law of the case at that moment. In this particular case, then we find out that there was another felon that served. 28 U.S.C. 1865b, obviously, it statutorily bars or disqualifies felons from serving on the jury. However, we know from the case law that if a felon slips in, there's more of an analysis to it. But in this case, the court ordered no felons could serve on this jury. That became the law of the case at that moment. This case is unlike any other case where that's never happened. And I think that the law of the case is very important to be able to, just in bare fairness to the defendant, where you have one juror that obviously the defense was looking to have on that jury that was ordered by the court to be immediately disqualified, and then another felon gets on the jury. Secondary issue is we've never addressed competency of the juror. Obviously, this was a case where — What were the actual words of the district judge in excusing the other juror? He's a felon. He cannot serve. And that was the — There was no pronouncement about no felon can serve as such. I — He disqualified that juror because he was a felon. Then the basis was no felon can serve on this jury. There was immediately a Batson kind of inquiry by the defense. Yeah, but it's interesting you're turning this into — I mean, the law of the case is sort of generally what's keeping these arguments from us for the third time. But you're using it offensively to say that when the district court dismissed one juror, he announced a new rule that goes beyond what was, you know, required under the law, but it's sort of the court's individual practice of no felons on this jury, and therefore someone slipping in is a violation of the law of the case. I have that right? Yes. Yes. When the court made that pronouncement, yes, that was the law of the case at that moment. But what makes that the law of the case? I mean, it seems to me that's just a ruling on an individual juror. It was an order by the court that no felons are to serve. But it — well, the district court didn't say no felons are to serve. I mean, I'm not sure that the court needed to.  But the district court just dismissed one juror because it came to light that the juror was a convicted felon. Right? Correct. And they said that no felon can serve on this jury. And once that happened, that was the law of the case. But I think, actually, the competency issue is a stronger one in the fact that, you know, obviously we have this juror in this case where, during the evidentiary hearing, he's questioned, he's asked, well, you were a defendant on five separate occasions, were you not? Because you went to jail, you went to prison. And he said he did not know what a defendant was. He didn't know who the defendant was. And just bare competency of a juror, I think, is an issue that this Court hasn't addressed yet. And I think that this Court can address that. Should a man get a de facto life sentence from a juror who doesn't know who is on trial? I can't imagine that the answer would be anything other than no. Well, I mean, he — I mean — He didn't get the sentence from a jury at all. He got a sentence from the judge. He got a verdict from a jury that included 11 other people. Right? Yes. But as the case law says, that even one juror, that should not be serving on that jury. So can I ask why this theory wasn't raised earlier and why you haven't abandoned it, forfeited it, waived it in one of the prior times? I mean, the case law says that we don't necessarily, I mean, waive any of the objections that we had preserved at the trial level. When they're remanded for re-review. And in this particular case, I mean, obviously, we did raise the McDonough, which it, I mean, to the defense, very clearly applied in this case. But as far as the competency issue, it was talked about in the prior brief. Obviously, when someone doesn't know who is the defendant when they're deliberating and they convict somebody, that's obviously something that should be raised. And I think that there's no citizenship. I think the inference was that that was a lie because the juror knew that the juror was in trouble. Right? No, I don't think that. No, actually, the district court goes into their decision talking about how basically, for lack of a better term, how stupid he is. He's from a certain socioeconomic background that doesn't understand what's going on. That's why we shouldn't credit a lot of what he's saying because he just doesn't understand what's happening. And if somebody is that stupid that they don't know who is actually on trial and they get to deliberate in a federal criminal trial, I think that that obviously warrants a reversal. Thank you. All right. Thank you. You've reserved a couple minutes for rebuttal. We'll now hear from Mr. Marangoli. Am I pronouncing that right? Marangoli, Your Honor. Thank you. I'm sorry. Good morning, members of the Court. May it please the Court and Mr. Whitmer. The law of the case doctrine is what compels the affirmance in this case. As the Court knows, none of the issues in this case that are raised in this appeal were either they were all previously decided by this Court or they were waived by the defendant for having not brought them on the two previous occasions. As Judge Sullivan pointed out and counsel admitted, there's no intervening Supreme Court case justifying a revisiting of the rulings of this Court. There's no newly discovered evidence that's been cited, and there's been no manifest injustice that needs to be prevented that's been identified. As the Court found in 2023 when counsel asked the Court to revisit these issues, there was no compelling and cogent reason to deviate from the law of the case then, and there is not in 2026 either. As far as the law of the case with respect to the prior juror, that was not the law of the case related to anything else. That was a ruling as the Court identified on a particular juror who was found to have a felony conviction. The law of the case is the law of the case that this Court has decided on this issue on two previous occasions, which has not been demonstrated to be either a manifest injustice or required to be revisited based on the other exceptions to the law of the case doctrine. Well, the argument for manifest injustice and also under the mandate rule, extreme injustice, is that a juror sat on the case who it's asserted was incompetent. Isn't that a manifest injustice? Is that any different than the argument that was raised in the first appeal of the district court's decision or the second? I think so. The argument, as I understand it, was that a disqualified juror was permitted to sit, and disqualified by reason of the felony conviction. Has it been raised squarely before this Court at any time, the issue of competency of the juror? I don't – I think the invalid nature of the juror's qualifications, the incompetency, had previously been raised. There was argument that he wasn't – he should not have been allowed to sit. But I think when I understand competency, not competence in the sense that he's not a citizen or not a resident of the district, but competence in terms of mental competency, isn't that the issue that's being raised now? I guess I didn't understand that that was the issue that the defendant had raised in this appeal, that that was different than the last one, that the juror's ability to understand was somehow different. Well, even if it's a nuanced argument that wasn't raised before, the point is the record was fully developed and ripe – that argument was ripe to have been brought previously, right? Absolutely, Your Honor. There was a lengthy hearing in this case. Judge Wilford at the district court level made findings in a very long decision. That decision was reviewed by this Court and considered and affirmed. And then there was a subsequent appeal brought again where the juror issue was raised again, and this Court found there's not a sufficiently compelling reason to address it under the law of the case doctrine. And this has been fully flushed out and out for a third time. Back here, simply on a resentencing – on an appeal from a resentencing, they're trying to use that as another vehicle to get this issue before the Court, when it has been now twice ruled against them at this level and should be again for a third time. With respect to the constitutionality of Section 922G1 raised by McCoy, that is under plain review – plain air review. I would submit that it should not withstand plain air review. This Court in 2013 in the Bible case upheld the constitutionality of 922G1, and this Court recently in Zerka v. Bondi and United States v. Thawney again upheld the constitutionality of Section 922G1. Those two cases, the Supreme Court has recently denied certiorari, and as a result, Bagel from this Court back in 2013 still remains intact and is good law, and therefore there is no clear air or plain air in that case. For the reasons set forth in the government's brief and as I've articulated today, I would ask that the Court affirm the judgment and conviction. Unless the panel has any further questions, I will rest on my brief. Thank you, Your Honor. All right. Thank you very much. We'll now hear from Mr. Whitmer for two minutes of rebuttal. I've been sufficiently heard. Thank you, Your Honors. Okay. Thank you, Mr. Whitmer. And Mr. Marangold. Marangold. Marangold, yes, sir. All right. We will reserve decision. Thank you both.